UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

ALEXEI A HERNANDEZ ANDREU a/k/a
ALEXEI HERNANDEZ ANDREU, and all
others similarly situated under 29 U.S.C.
216(b),

       Plaintiffs,
vs.

ORILUZ WINDOWS, CORP.,
JAVIER PEREZ,

       Defendants.

## COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME WAGE VIOLATIONS AND NEGLIGENCE UNDER FLA. STAT. 440.11(1)(a)

Plaintiff, ALEXEI A HERNANDEZ ANDREU a/k/a ALEXEI HERNANDEZ ENDREU, and all others similarly situated under 29 U.S.C. 216(b), through undersigned counsel, files this Complaint against Defendants, ORILUZ WINDOWS, CORP., and JAVIER PEREZ, and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiff was a resident of Miami-Dade County, Florida at the time that this dispute arose.

3. The Defendant ORILUZ WINDOWS, CORP., is a corporation that regularly transacts business within Dade County. Upon information and belief, the Defendant Corporation was the FLSA employer for Plaintiff's respective period of employment ("the relevant time period").

4. The individual Defendant JAVIER PEREZ is a corporate officer and/or owner and/or

manager of the Defendant Corporations who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. 203 (d).

5. All acts or omissions giving rise to this dispute took place in Miami-Dade County.

## COUNT I. FEDERAL OVERTIME WAGE VIOLATION

6. This action arises under the laws of the United States. This case is brought as a collective action under 29 USC 216(b). It is believed that the Defendants have employed several other similarly situated employees like Plaintiff who have not been paid overtime and/or minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

8. 29 U.S.C. § 207 (a) (1) states, "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

9. Plaintiff ALEXI A HERNANDEZ ANDREU worked for Defendants as a window

washer and window installer from on or about October 5, 2015, through on or about February 24, 2017.

10. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

11. Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

12. Upon information and belief, the Defendant Corporation had gross sales or business done in excess of $500,000 annually for the years 2014, 2015, and 2016.

13. Upon information and belief, the Defendant Corporation's gross sales or business done exceeded $125,000 for the first three months of the year 2017 and is expected to exceed $500,000 for the year 2017.

14. Between the period of on or about October 5, 2015, through on or about February 24, 2017, Plaintiff ALEXI A HERNANDEZ ANDREU worked an average of 60 hours a

week for Defendants and was paid an average of $10.00 per hour but was never paid the extra half time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate for each hour worked above 40 in a week.

15. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

Wherefore, the Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

## COUNT II: NEGLIGENCE UNDER FLA. STAT. 440.11(1)(a)

COMES NOW PLAINTIFF, through Counsel, and re-adopts the factual and jurisdictional statements in paragraphs 1-15 above and further states:

16. This Court has jurisdiction for Plaintiff's negligence claim under the Court's

Supplemental Jurisdiction. 28 USC 1367.

17. Florida Statutes 440.11(1)(a) states that "[t]he liability of an employer prescribed in s. 440.10 shall be exclusive and in place of all other liability, including vicarious liability, of such employer to any third-party tortfeasor and to the employee, the legal representative thereof, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death, except… [i]f an employer fails to secure payment of compensation as required by this chapter, an injured employee, or the legal representative thereof in case death results from the injury, may elect to claim compensation under this chapter or to maintain an action at law or in admiralty for damages on account of such injury or death. In such action the defendant may not plead as a defense that the injury was caused by negligence of a fellow employee, that the employee assumed the risk of the employment, or that the injury was due to the comparative negligence of the employee."

18. On or about October 2016, during the course of his employment with Defendants, Plaintiff was injured when he was lifting heavy objects (i.e. installing windows).

19. As a result of said activity, Plaintiff sustained numerous permanent work related injuries (i.e. hernia).

20. At the time, Defendants failed to carry worker's compensation insurance to cover Plaintiff's work–related injuries.

21. Florida Statutes 440.02(17)(b)(2) requires worker's compensation insurance to be carried by "[a]ll private employments in which four or more employees are employed by the same employer or, with respect to the construction industry, all private

employment in which one or more employees are employed by the same employer".

22. Defendants employ at least 5 employees, and as such are required to carry worker's compensation insurance.

23. Plaintiff's injury was a result of Defendants' negligent instruction. Defendants breached their duty of reasonable care to Plaintiff by failing to maintain a safe working environment by which Plaintiff could work in.

24. As a result of the Defendants' negligence as described in this complaint, Plaintiff received pain and suffering which still continues to this day. The injuries suffered are permanent and ongoing. Plaintiff has incurred medical bills and expenses and will incur the same in the future as well as lost income, which will continue into the future.

Wherefore, Plaintiff requests judgment against Defendants, jointly and severally, for all related and recoverable damages and all other relief found applicable by this Court. *The Plaintiff requests a trial by jury*.

Respectfully Submitted,

J.H. Zidell, Esq.
J.H. Zidell, P.A.
Attorney for Plaintiffs
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
Email: ZABOGADO@AOL.COM

By:__/s/ J.H. Zidell_____
J.H. Zidell, Esq.
Florida Bar Number: 0010121